# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR M. TAGLE, SR., | Case No. 2:18-cv-00815-GMN-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| DHS/ICC INS., et al., | |
| Defendants. | |

Presently before the court is Nevada state-prison inmate Victor M. Tagle, Sr.'s application to proceed *in forma pauperis* (ECF No. 6), filed on August 6, 2018.

Also before the court is Tagle's motion for leave to proceed *in forma pauperis* (ECF No. 7), filed on August 13, 2018.

Also before the court is Tagle's motion to reinstate his motion for a speedy trial (ECF No. 10), filed on September 4, 2018.

Also before the court is Tagle's motion for intervention and transfer (ECF No. 11), filed on September 6, 2018.

Also before the court is Tagle's motion for court and police intervention (ECF No. 14), filed on October 4, 2018.

Also before the court is Tagle's motion for Speedy Trial (ECF No. 15), filed on October 4, 2018.

**I.  PROCEDURAL HISTORY**

On July 19, 2018, the court denied plaintiff's application to proceed *in forma pauperis* and ordered plaintiff to file a complete application or pay the $400.00 filing fee for a civil action. (Order (ECF No. 5).)  The court also denied plaintiff's pending motions without prejudice for Tagle to renew after the issue with filing fee was resolved, and after the court screened Tagle's

complaint. (*Id.*) Plaintiff now renews his application to proceed *in forma pauperis* and motions previously dismissed by the court.

## II. *IN FORMA PAUPERIS* APPLICATION

Pro se plaintiff Victor Tagle is a prisoner who is in the custody of the Nevada Department of Corrections (NDOC) but being housed at a private prison in Arizona. Nev. Dep't of Corr. (June 13, 2019) http://doc.nv.gov/Inmates/Home/ (inmate search by name Victor Tagle or offender ID 1080239). He has an extensive history of filing civil actions in this court that are either malicious or insufficiently pled,[1] so he is ineligible for pauper status unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g) (a prisoner that has filed 3 or more cases that were dismissed for frivolity, maliciousness, or a failure to state a claim may not proceed in forma pauperis unless he is in imminent danger of serious injury); *see also Tagle v. Core Civic America*, No. 18-16377 (9th Cir. 2018) (where the Ninth Circuit concludes that the district court correctly determined that Tagle had three prior actions dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(g)). Given Tagle's current three-strikes status, the court will first review Tagle's complaint to determine if he is in imminent danger of serious physical injury.

Plaintiff alleges that he is imprisoned and faces murder from Mexican authorities on the sole basis of serving as a United States Soldier. (ECF No. 1-1.) Plaintiff's complaint details an account of enlisting in the army in 1989, an alleged attempted deportation that took place shortly thereafter, and a possible attempt to re-enlist in 1999. Plaintiff further claims that he faced multiple issues with DHS/INS, despite lawfully residing in the United States. Plaintiff further alleges that since attending his father's funeral in Mexico in 1993, he has faced death threats from the Mexican authorities. Further, plaintiff challenges criminal charges for "failure to adjust status," stemming from 1992. Plaintiff seeks immediate instatement of U.S. Citizenship and an

---

[1] *See Tagle v. State of Nevada*, 2:15-cv-02083-RCJ-GWF (dismissed for failure to state a claim); *Tagle v. State of Nevada*, 2:15-cv-02358-MMD-PAL (dismissed for maliciousness and failure to state a claim; *Tagle v. State of Nevada*, 2:16-cv-00852-JAD-VCF (dismissed for maliciousness and failure to state a claim). The court takes judicial notice of the records in these cases.

award of two million dollars for every year he was harassed by DHS/IINS.  Lastly, Plaintiff states that in the event of his death in DHS/INS custody, DHS/INS will be the undisputed cause of his death and therefore, automatically liable for 20 million dollars in damages.

Having reviewed plaintiff's complaint, the court does not find an indication that he is in imminent danger of serious physical injury.  As such, Tagle must pay the $400 filing fee in full before he may proceed with this action.  The court therefore denies all other pending motions until the matter of the filing fee is resolved.

**III.	CONCLUSION**

IT IS THEREFORE ORDERED that Tagle's motions for leave to proceed *in forma pauperis* (ECF Nos. 6, 7) are DENIED.  Tagle must pay the filing fee in full by July 13, 2019.  Tagle is advised that failure to comply with this order will result in a recommendation that this case be dismissed.

IT IS FURTHER ORDERED that Tagle's motion to reinstate his motion for a speedy trial (ECF No. 10) is DENIED without prejudice.

IT IS FURTHER ORDERED that Tagle's motion for intervention and transfer (ECF No. 11) is DENIED without prejudice.

IT IS FURTHER ORDERED that Tagle's motion for court and police intervention (ECF No. 14) is DENIED without prejudice.

IT IS FURTHER ORDERED that Tagle's motion for Speedy Trial (ECF No. 15) is DENIED without prejudice.

DATED: June 14, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE